```
                    UNITED STATES DISTRICT COURT
                    FOR THE DISTRICT OF COLUMBIA
_____
                              )
KAREN McBRIEN,                )
                              )
        Plaintiff,            )
                              )
        v.                    )     Civil Action No. 09-2432 (RWR)
                              )
UNITED STATES et al.,         )
                              )
        Defendants.           )
_____)
```

### MEMORANDUM ORDER

Plaintiff Karen McBrien, proceeding pro se, filed a complaint against the United States and numerous other defendants generally based on the same events complained of in <u>McBrien v. FBI et al.</u>, Civil Action No. 09-197 (CKK), which was dismissed as frivolous because the events alleged in the complaint constituted "fantastic or delusional scenarios," see <u>id.</u>, 2009 WL 260043, at *1 (D.D.C. February 3, 2009), and <u>McBrien v. United States et al.</u>, Civil Action No. 09-1527 (RBW), which was dismissed for presenting "fantastic and delusional scenarios of a nationwide conspiracy involving [McBrien's] relatives, former relatives, and numerous state and federal agencies who work in concert to spy on, control, injure, and trick the plaintiff." <u>Id.</u>, 2009 WL 2525152, at *1 (D.D.C. August 13, 2009).  Her complaint in this matter was dismissed as frivolous on January 25, 2010.  See <u>McBrien v. United States et al.</u>, Civil Action No. 09-2342, 2010 U.S. Dist. LEXIS 5420, at *1 (D.D.C. January 25, 2010).

McBrien has moved for reconsideration of the order dismissing her case under Federal Rules of Civil Procedure 59(e) and 60(b).  "While the court has considerable discretion in ruling on a Rule 59(e) motion, the reconsideration and amendment of a previous order is an unusual measure."  Berg v. Obama, 656 F. Supp. 2d 107, 108 (D.D.C. 2009) (quoting City of Moundridge v. Exxon Mobil Corp., 244 F.R.D. 10, 11-12 (D.D.C. 2007) (quoting El-Shifa Pharm. Indus. v. United States, Civil Action No. 01-731 (RWR), 2007 WL 950082, at *1 (D.D.C. Mar. 28, 2007))).  "A motion to alter the judgment need not be granted unless there is an intervening change of controlling law, new evidence becomes available, or there is a need to correct a clear error or prevent manifest injustice."  Berg, 656 F. Supp. 2d at 108 (quoting City of Moundridge, 244 F.R.D. at 12 (quoting Messina v. Krakower, 439 F.3d 755, 758 (D.C. Cir. 2006))).

Motions for reconsideration made under Rule 60(b) may be granted only if the movant can show:

> (1) [M]istake, inadvertence, surprise, or excusable neglect; . . .  (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void . . .  (6) any other reason that justifies relief.

Lightfoot v. Dist. of Columbia, 555 F. Supp. 2d 61, 67 (D.D.C. 2008) (quoting Fed. R. Civ. Proc. 60(b)).

Here, regardless of the rule under which McBrien's motion is analyzed, her request is not persuasive.  McBrien presents the

-3-

same allegations that she presented in her complaint, which was dismissed as frivolous.  She has presented no evidence of a change in the law nor has she presented any persuasive legal argument demonstrating that the opinion dismissing her complaint was clearly erroneous or that it created a manifest injustice.  The new evidence that McBrien presents does not alter the previous conclusion that her complaint was frivolous.  To the contrary, if anything, McBrien's motion reinforces that characterization by speculating about her being set up by adversarial relatives for "Black Ops" by a spy agency known for human experimentation using brain devices.  (Pl.'s Mot. to Recons. at 4-5.)  McBrien's motion for reconsideration merely attempts to re-litigate matters that were previously decided against her.  See Jung v. Assoc. of Am. Med. Colleges, 226 F.R.D. 7, 8 (D.D.C. 2005) (stating that motions for reconsideration should "not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment"); Singh v. George Washington Univ., 383 F. Supp. 2d 99, 101 (D.D.C. 2005) (denying motion for reconsideration stating, in part, "the court considered the cases the [defendant] now cites," and the defendant's "attempt to relitigate this issue will not be countenanced"); Solomon v. Univ. of Southern California, 255 F.R.D. 303, 305 (D.D.C. 2009) (denying motion for reconsideration stating that the plaintiff

-4-

"has continued to file complaints against USC making the same claims. . . . This Court need not waste valuable time and resources by reiterating the same reasoning this Court relied upon when it granted defendants' Motions to Dismiss"). Therefore, because McBrien has not presented anything that would warrant reconsidering the dismissal of her case, it is hereby

ORDERED that the motion for reconsideration [5] be, and hereby is, DENIED.

SIGNED this 26th day of February, 2010.

                                                            /s/
                                       RICHARD W. ROBERTS
                                       United States District Judge